# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JASON ODOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01223 |
| ) | Judge Trauger |
| DAVIDSON COUNTY, et al. ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a pretrial detainee at the Maximum Correctional Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Davidson County and Correct Care Solutions, a private entity under contract to provide medical services for Davidson County prisoners, seeking injunctive relief and damages.

Sometime near the end of January, 2017, the plaintiff was confined at the Correctional Development Center for Males in Nashville. (Docket Entry No. 1 at 5). He slipped and fell in a puddle of "wet substance" and hurt himself. The plaintiff claims that his injury was the result of Davidson County's negligence. *Id.* He further claims that Correct Care Solutions is liable for "denied and or delayed medical treatment."[1] *Id.*

As an initial matter, the Court notes that Davidson County can not be held liable for

---

[1] Correct Care Solutions is a private entity that is under contract to provide medical care for Davidson County prisoners. As such, it may be sued under § 1983. West v. Atkins, 487 U.S. 42, 54 (1988).

1

negligence because negligence claims are not actionable under § 1983. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)(Eighth Amendment); <u>Daniels v. Williams</u>, 474 U.S. 327, 333 (1986)(Fourteenth Amendment).

Moreover, the plaintiff's claim for lack of medical care against Correct Care Solutions is conclusory at best. He offers no factual allegations regarding the nature of his injury, what efforts were made to obtain medical care, what care, if any, was provided the plaintiff and who provided that care. A conclusory claim is not actionable under § 1983. <u>Mezibov v. Allen</u>, 411 F.3d 712, 716 (6th Cir. 2005).

In any event, neither a municipality nor a private entity can be held responsible for an alleged constitutional tort unless there is a causal link between a policy or custom of the municipality or private entity and the alleged constitutional violation. <u>Minor v. Foster</u>, 2013 WL 126369 at 4 (M.D. Tenn., Jan. 9, 1013). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". <u>Garner v. Memphis Police Department</u>, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or custom of either Davidson County or Correct Care Solutions that led to his slip and fall or required a delay or absence of medical care. In the absence of such allegations, any claims for relief would more properly be directed to individual jail staff rather than Davidson County and Correct Care Solutions. The plaintiff, therefore, has failed to state a claim against the defendants. In the

absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

ENTER this 13th day of September 2017.

_____
Aleta A. Trauger
United States District Judge